**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1806-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMIE COOPER,

    Defendant-Appellant.

_____

Submitted September 22, 2025 – Decided October 1, 2025

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 08-08-22.

Galantucci & Patuto, attorneys for appellant (Richard G. Potter, of counsel and on the briefs).

Sahil K. Kabse, Acting Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

The present appeal in this driving while intoxicated ("DWI") case stems from a remand to the Law Division we had ordered in our December 19, 2024 opinion addressing defendant's original appeal. State v. Jamie Cooper, Docket No. A-1727-23 (App. Div. Dec. 19, 2024). We incorporate by reference the facts and procedural history recited in that opinion.

Briefly stated, defendant's prosecution arises out of State Trooper Andre Almeida's stop of his motor vehicle at about 7:00 p.m. on April 28, 2021 on Route 15 in Frankford Township. Trooper Almeida observed defendant's vehicle speeding at 64 miles per hour in a 45 five mile per hour zone. When defendant was stopped and opened his driver's side window, Almeida noticed the odors of both alcohol and burnt marijuana. He testified there were "approximately four" passengers in the vehicle.

In his municipal court testimony, Trooper Almeida noted how during his initial encounter with defendant, defendant was "questioning everything" and "debating the speed" of his vehicle. Defendant insisted "he wasn't going that fast," which made Almeida believe defendant was "unaware of how fast he [was] traveling," and further identified this as "a sign of impairment, as well."

Almeida instructed defendant to get out of the vehicle. According to Almeida, he smelled the odor of burnt marijuana on defendant's breath, although he did not recall smelling alcohol at that point. The officer did not perceive that defendant was staggering, stuttering, slurring, crying, or laughing inappropriately.

Almeida asked defendant to take a field sobriety test. Defendant refused to take the field test and said he would rather be tested on a breathalyzer. Almeida explained that defendant would be free to drive if the field test demonstrated he was not impaired, but defendant again refused.

At that point, Almeida arrested defendant and read him a <u>Miranda</u> warning.[1] After arresting defendant, Almeida spoke with the other passengers and did not notice the odor of alcohol or marijuana emanating from any of them. He then took defendant to the police station.

At the station, defendant refused to submit to the breathalyzer. Consequently, the officer issued five tickets, charging defendant with (1) DWI, N.J.S.A. 39:4-50; (2) speeding, N.J.S.A. 39:4-98; (3) refusal to submit to

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

A-1806-24

chemical test, N.J.S.A. 39:4-50.4a; (4) refusal to consent to take samples of breath, N.J.S.A. 39:4-50.2; and (5) careless driving, N.J.S.A. 39:4-97.

Defendant moved to dismiss the charges, because, he argued, Trooper Almeida had insufficient grounds to demand his submission to a sobriety test and lacked probable cause to arrest him. The municipal judge denied the motion and concluded that Almeida had sufficient basis to believe at the scene that defendant had committed DWI. The judge noted:

> I believe the Trooper took all of the correct action[s] and he certainly had probable cause to stop the defendant and that he had reasonable belief that a violation took place, and under the totality of the circumstances, the alcohol, odor of marijuana, the speeding, refusal to take the roadside test, all of that led the Trooper to believe that the defendant was, in fact, under the influence of alcohol, and therefore, believes he should continue the investigation because that's what they're doing, which he did. Based on all of these facts, I am going to deny the motion before the [c]ourt.

Thereafter, defendant pled guilty to DWI, speeding, and refusal to submit to a chemical test. The other two motor vehicle tickets were dismissed pursuant to a plea agreement. The municipal judge sentenced defendant to a one-year suspension of his driver's license, forty-eight hours of confinement in the Intoxicated Driver Resource Center, thirty days of community service, a two-year use of an interlock device, plus various monetary sanctions and costs.

4

Defendant challenged his conviction in the Law Division. Upon de novo review of the record, the Law Division judge issued an order on December 7, 2023 which rejected defendant's argument that the trooper lacked a reasonable articulable suspicion that he had been driving while under the influence. The Law Division judge identified the following articulable reasons that supported a finding of reasonable suspicion: (1) speeding; (2) the odor of alcohol in the vehicle; (3) the odor of burnt marijuana in the vehicle; (4) defendant's confrontational demeanor; (5) the odor of marijuana from defendant's breath; and (6) refusal to submit to field sobriety tests. The Law Division therefore affirmed defendant's municipal convictions and reimposed the same sentence.

Defendant appealed to this court. As noted above, we remanded the case to the Law Division to reconsider its analysis in light of the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act ("CREAMMA"), N.J.S.A. 24:6I-31 to -56. In particular, a provision within CREAMMA declares that "[t]he odor of cannabis or burnt cannabis" shall not "individually or collectively, constitute reasonable articulable suspicion of a crime . . . ." N.J.S.A. 2C:35-10(c).

On remand, the Law Division judge again upheld defendant's convictions in a January 31, 2025 oral ruling. In particular, the judge concluded that the

CREAMMA provision did not affect this case because a DWI offense is not a "crime." The Law Division judge also noted that, even without relying on the odor of marijuana, Trooper Almeida had multiple other sufficient grounds to support the finding of reasonable suspicion.

In his present appeal, defendant presents the following arguments in his brief:

POINT ONE

THE APPELLANT'S SUPPRESSION MOTION SHOULD HAVE BEEN GRANTED BECAUSE THERE WAS NO REASONABLE, ARTICULABLE SUSPICION TO ASK THE APPELLANT TO PERFORM STANDARDIZED FIELD SOBRIETY TESTS, AND, THEREFORE, NO PROBABLE CAUSE TO ARREST HIM.

POINT TWO

THE CANNABIS REGULATORY, ENFORCEMENT, ASSISTANCE, AND MARKETPLACE MODERNIZATION ACT ("CREAMMA"), N. J. S. A. 24:61-31 TO -56 AND N. J. S. A. 2C:35-10c WHICH BECAME EFFECTIVE ON FEBRUARY 22, 2021 PROVIDED THAT THE ODOR OF CANNABIS OR BURNT CANNABIS NO LONGER CONSTITUTE REASONABLE SUSPICION OF A CRIME WHICH ODOR WAS THE SOLE BASIS FOR ARRESTING THE APPELLANT.

A-1806-24

In considering these arguments, we apply what is known as the "two-court principle" of appellate review for a Law Division ruling that affirms, de novo, a municipal court's decision.  State v. Locurto, 157 N.J. 463, 474 (1999).  Under that principle, "appellate courts ordinarily should not undertake to alter concurrent findings of fact and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid. (emphasis added).  No such "very obvious and exceptional" showing of error is presented here.

As the Law Division judge aptly noted on remand, the CREAMMA limitation on the evidential use of the odor of marijuana is confined to "crimes."  N.J.S.A. 2C:35-10(c).  Our Criminal Code defines a "crime" as "[a]n offense defined by this code or by any other statute of this State, for which a sentence of imprisonment in excess of 6 months is authorized."  N.J.S.A. 2C:1-4.  A DWI conviction is not a crime because even the most severe sentence for a third or subsequent DWI offense "does not authorize a penalty of over six months' confinement."  State v. Denelsbeck, 225 N.J. 103, 120 (2016); see also N.J.S.A. 39:4-50(a)(3).  Hence, CREAMMA does not, as a matter of law, preclude reliance on the odor of marijuana as a ground for a finding of reasonable articulable suspicion in this DWI case.

A-1806-24

Defendant's other point on appeal, claiming the totality of the circumstances could not support a finding of reasonable suspicion, is likewise unavailing. We recognize that "in order to continue to detain a motorist once he is asked to exit the vehicle, a police officer must have a reasonable, articulable suspicion that the person is involved in criminal or unlawful activity beyond that which initially justified the stop." State v. Bernokeits, 423 N.J. Super. 365, 371–72 (App. Div. 2011) (citing State v. Davis, 104 N.J. 490, 504 (1986)) (emphasis in original). Furthermore, the administration of a field sobriety test "may be justified by a police officer's reasonable suspicion based on particularized, articulable facts suggesting a driver's intoxication." Id. at 374. That same principle extends beyond alcohol intoxication to a driver's impairment caused by a substance such as marijuana. See State v. Bealor, 187 N.J. 574, 577-78 (2006).

As both the municipal judge and Law Division judge appropriately found, the totality of circumstances here gave Trooper Almeida sufficient reasonable suspicion to order a field sobriety test, and, when defendant refused, to arrest him. Even if we were to ignore defendant's oppositional demeanor and his insistence that he had not been speeding, the other factors cited by the two courts provided ample justification for the officer's actions. Those factors included

defendant driving nearly twenty miles per hour over the speed limit, the odors of both alcohol and marijuana emanating from the vehicle, the odor of marijuana detected on defendant's breath, and his confrontational demeanor. We defer to the municipal court's adoption of the trooper's narrative, as that court was best suited to evaluate that witness's credibility. Locurto, 157 N.J. at 474-75.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1806-24